UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

A.T.O. GOLDEN CONSTRUCTION
CORP., a Florida corporation,

    Plaintiff/Counterclaim
    Defendant,

v.

ALLIED WORLD INSURANCE COMPANY,
a foreign insurance company,

    Defendant

v.

PETE VICARI GENERAL CONTRACTOR,
LLC, a foreign profit company,

    Defendant/Counter-claimant.
_____/

**PLAINTIFF, A.T.O. GOLDEN CONSTRUCTION CORP.'S
RESPONSE IN OPPOSITION TO DEFENDANT,
ALLIED WORLD INSURANCE COMPANY'S MOTION
<u>TO COMPEL RESPONSES TO FIRST SET OF INTERROGATORIES</u>**

Plaintiff, A.T.O. GOLDEN CONSTRUCTION CORP. ("ATO"), by and through its undersigned counsel and pursuant to the Federal Rule of Civil Procedure 33 and 37 and Local Rule 26.1(e), files its Motion in Opposition to Defendant, Allied World Insurance Company's ("Allied") Motion to Compel Responses to First Set of Interrogatories ("Allied's Motion"), and in support thereof states as follows:

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

1.   On March 19, 2018, Allied served its First Set of Interrogatories on ATO. ("Allied's Interrogatories").

2.   Shortly thereafter, Allied granted an extension of time for ATO to respond to Allied's Interrogatories.

3.   On June 13, 2018, ATO timely served its Responses to Allied's Interrogatories.

4.   On July 10, 2018, Allied filed its Motion to Compel Responses to First Set of Interrogatories ("Allied's Motion").

5.   ATO's Response is timely because under Local Rule 7.1(c)(1)(A), ATO Response is filed within 14 days after the date Allied filed its Motion.

## **MEMORANDUM OF LAW**

Rule 33(a)(1) provides,

Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Rule 33(d) provides,

If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

"[T]he [moving party] has the burden of showing that the answers were incomplete, including showing 'that the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons.'" A.R. v. Dudek, No. 12-60460-CIV, 2015 WL 11143084, at *4 (S.D. Fla. Oct. 9, 2015).

If the [moving party] meets this burden, the burden would then shift to the [responding party] to justify its use of Rule 33(d) instead of answering the interrogatories." *Id.* "To justify its use of Rule 33(d) in this context, the [responding party] must show that a review of the documents will actually reveal answers to the interrogatories and that the burden of deriving or ascertaining the answer will be substantially the same for either party." *Id.*

"Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims." *Id.* (citing citing *Starcher v. Corr. Med. Sys. Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998)).

However, the Southern District of Florida expressly permits a responding party to utilize Rule 33(d) to supplement narrative responses to contention interrogatories. *See id.* at 5 (denying

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

moving party, State's Motion to Compel Better Responses to Interrogatories when responding party, United States supplemented its explanations to contention interrogatories with specific Rule 33(d) business records references).

Specifically, this Court stated,

> Even if this Court found that the [moving party,] State met its burden [under Rule 33(d)], this Court would find that it was proper for the [responding party,] United States to supplement its answer with specific document references with respect to each child . . . Rule 33(d) permits a party to produce a "*party's* business records" in response to an interrogatory under certain circumstances, and the State is a party to this case.

*Id.* at 5.

Moreover, "service of contention interrogatories is premature until designated discovery is complete." *See id.* (quoting *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed."); *see also* Fed. R. Civ. P. 33(a)(2).

**<u>Summary of the Argument</u>**

Allied's Motion is founded on the conclusion that "Rule 33(d) is inappropriate for responding to contention interrogatories or items requiring the recollection of parties." *See ECF.* 41 at 4. Allied supports its contention by citing to a nonbinding Northern

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

District of Georgia opinion and a treatise written by Charles Alan Wright. *See id.* However, Allied failed to conduct preliminary research because the Southern District has ruled that Rule 33(d) may supplement contention interrogatories. *See* <u>A.R. v. Dudek</u>, No. 12-60460-CIV, 2015 WL 11143084, at *4 (S.D. Fla. Oct. 9, 2015).

Allied also alleges "ATO frequently fails to meet the terms of Rule 33(d) by failing to specify the records to be reviewed as required by Rule 33(d)(1)" and "ATO's documentary production is relatively limited and does not include substantial financial information."

Each of Allied's arguments are meritless. Allied's Motion should be denied because 1) Allied's interrogatories, including subparts, served more than 25 interrogatories as permitted under Federal Rule of Civil Procedure 33(a)(1); 2) Allied failed to satisfy its burden of showing that ATO's narrative responses, supplemented by Rule 33(d) references, are inadequate; and 3) ATO satisfied its burden because a review of the specified documents will actually reveal answers to the interrogatories and the burden of deriving the answers are substantially the same for each party.

### <u>Interrogatory 1</u>

Allied's objection to utilizing Rule 33(d) to answer part of the response is improper, as ATO is permitted to supplement contention interrogatories with rule 33(d) references. All work ATO performed regarding the Subcontracts may be determined between

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

ATO's narrative response and Allied's analysis of ATO's payment applications submitted to PVGC, which contains line item billing information in a Schedule of Values, including requests relating to ACE and FCR.

Moreover, Allied's interrogatory exceeds the 25 maximum limitation permissible under Rule 33(a) because Allied discretely requests for <u>each</u> "contractor, subcontractor, and/or laborer[]" hired by ATO on the Projects."

### Interrogatory 4

Allied's objection to utilizing Rule 33(d) to answer part of the response is improper, as ATO is permitted to supplement contention interrogatories with rule 33(d) references. A description of "tools, . . .labor and equipment" may be determined between ATO's explanation answer and Allied's analysis of ATO's payment applications and change orders submitted to PVGC, which contain line item billing information on a Schedule of Values for all work performed. ATO supplemented its Response by stating "ATO provided mats, tools and welding equipment for sample repairing on door frames."

### Interrogatory 6

Allied objects to ATO's Response because it is allegedly misleading and nonresponsive. ATO properly responded with a Rule 33(d) reference and because Allied seeks additional information than originally requested. Allied interrogatory stated,

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

Did ATO complete a Cost Breakdown/Schedule of Values for the Subcontracts? If yes, please list the date of when the Cost Breakdown/Schedule of Values was completed, and each time it was supplemented/updated. If no, please explain why you did not complete.

Allied alleges the specified payment applications, with attached Schedule of Values, is not responsive to the interrogatory because its lacks a "complete breakdown of labor and material for each trade of work alone with a list of all principal Vendors and Subcontractors . . ." However, the interrogatory does not request breakdown of labor and materials but requests whether ATO completed a Schedule of Values, and whether ATO created any supplements thereto.

### Interrogatory 13

Allied's objection to utilizing Rule 33(d) to answer part of the response is improper, as ATO is permitted to supplement contention interrogatories with rule 33(d) references. A complete response may be determined between ATO's narrative response answer and Allied's analysis of ATO's "communications" with PVGC.

The communications, including emails and correspondence, were specified to communication with "Pete Vicari . . . and "PVGC personnel, including but not limited to PJ Vicari; PVGC Accounting Secretary, Joey Baudoin; and PVGC Project Secretary, Bridgette Saddler." ATO produced the communications to Allied in the same

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

manner in which the communications were kept in ATO's ordinary course of business. ATO is not "in a vastly superior position" to locate and identify which specific communications because ATO would also be required to read through each communication. *See* A.R. v. Dudek, No. 12-60460-CIV, 2015 WL 11143084, at *5 (S.D. Fla. Oct. 9, 2015) ("In addition, this Court finds that the burden of deriving the answers will be substantially the same for either party. If anything, the [moving party,] State's burden will be less than the [responding party,] United States', as many of the records were previously produced and are currently possessed by the [moving party,] State"). The fact Allied is a stranger to the relationship between ATO and PVGC is of no consequence.

### Interrogatory 15

Allied objects to ATO's Response because it is allegedly misleading and nonresponsive. Allied's argument that ATO's payment application are insufficient because they do not "segregate ATO's costs from overhead and profit" is disingenuous because the invoices and change orders are lump sum and based on unit pricing. As a result, invoicing is not provided in such a breakdown. ATO's costs and overhead and profit are irrelevant to the agreed upon lump sum pricing with PVGC, and there was never a breakdown of overhead and profit negotiated in the lump sum quantities.

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

The fact Allied is a "stranger to the relationship" between ATO and PVGC is of no consequence. *See* <u>A.R. v. Dudek</u>, No. 12-60460-CIV, 2015 WL 11143084, at *5 (S.D. Fla. Oct. 9, 2015) ("In addition, this Court finds that the burden of deriving the answers will be substantially the same for either party. If anything, the [moving party,] State's burden will be less than the [responding party,] United States', as many of the records were previously produced and are currently possessed by the [moving party,] State").

**<u>Interrogatory 16</u>**

Allied objects to ATO's Response because it is allegedly misleading and nonresponsive.  The answer to this interrogatory may be determined by examining each of ATO's submitted invoices to PVGC because the burden of deriving the answer is substantially the same for either party.  To the extent Allied alleges the produced documents do not show the amount of overhead and profit in addition to hourly labor rates, ATO's Subcontract and change orders were <u>lump sum</u> and based on unit pricing. As a result, overhead and profit are not provided in ATO's breakdown in invoicing.  ATO's costs and overhead and profit are irrelevant to the agreed upon lump sum pricing with PVGC.  By entering into a lump sum agreement, ATO bears all of the risk of whether overhead and profit are reduced.

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

### Interrogatory 18

Allied's objection to utilizing Rule 33(d) to answer part of the response is improper, as ATO is permitted to supplement contention interrogatories with rule 33(d) references. Nevertheless, ATO agrees to amend Interrogatory 18 to state whether ATO completed its scope of work within 270 days from PVGC's Notice to Proceed on Civic Towers Senior, and if not, describe why it breached the term of the Subcontract.

### Interrogatory 19

Allied's objection to utilizing Rule 33(d) to answer part of the response is improper, as ATO is permitted to supplement contention interrogatories with rule 33(d) references. Nevertheless, ATO agrees to amend Interrogatory 18 to state whether ATO completed its scope of work within 270 days from PVGC's Notice to Proceed on Civic Towers Senior, and if not, describe why it breached the term of the Subcontract.

### Interrogatory 20

Allied's objection to utilizing Rule 33(d) to answer part of the response is improper, as ATO is permitted to supplement contention interrogatories with rule 33(d) references. A complete response may be determined between ATO's explanation answer and Allied's analysis of the following produced documents: 1) Affidavit of Amalia; 2) Assignment of Interest; 3) Affidavit of Mick; and 4) Purchase Agreement Executed 3.14.17.

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

**Interrogatory 21**

Allied objects to ATO's Response because "the burden is slight and ATO should be compelled to write the specific numbers down. . . rather than evading . . . by reference to Rule 33(d)." The answer to this interrogatory may be determined by examining each of ATO's submitted invoices to PVGC because the burden of deriving the answer is substantially the same for either party. An examination of ATO's submitted payment applications 6 through 8 provides a list of all of ATO's invoices that remain unpaid by date, invoice number and amount due on the Subcontracts. Nevertheless, ATO will supplement this Response by also directing Allied to the previously produced Final Invoices submitted to PVGC.

The burden of deriving the answer will be substantially the same because ATO would also be required to review payment applications 6 through 8 to list each invoice and approved change orders that remain unpaid.

WHEREFORE, Plaintiff, A.T.O. Golden Construction Company respectfully requests this court deny Defendant, ALLIED WORLD INSURANCE COMPANY'S Motion to Compel Responses to Allied's First Set of Interrogatories.

CASE NO.: 1:17-cv-24223-WILLIAMS-TORRES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on this **24th** day of July, 2018, on all counsel or parties of record on the Service list below:

JONATHAN P. COHEN, P.A.
*Attorneys for Allied World Insurance Company*
500 E. Broward Blvd, Suite 1710
Fort Lauderdale FL 33394
Phone: 954-462-8850
Fax: 954-848-2987
Jonathan P. Cohen, Esq.
Florida Bar No.11526
jcohen@jcohenpa.com
Kelsey K. Black, Esq.
Florida Bar No. 0994235
kblack@jcohenpa.com

CLARK PARTINGTON
*Attorney for Proposed Intervenor-Defendant, Pete Vicari General Contractor, LLC*
106 East College Avenue, Suite 600
Tallahassee, Florida 32301
Office (850) 320.6838
Facsimile (850) 597.7591
Keith L. Bell, Jr.
Fla. Bar No.: 573809
Kbell@Clarkpartington.com
Btraina@Clarkpartington.com

Respectfully submitted,

TAYLOR ESPINO VEGA & TOURON P.A.
*Attorneys for Plaintiff, A.T.O. Golden Construction Corp.*
201 Alhambra Circle, Suite 801
Coral Gables, Florida 33134
Telephone: (305) 443-2043
Facsimile: 305) 443-2048

By: /s/ FELIX RENE OJEDA
TIMOTHY S. TAYLOR
Florida Bar No.: 545015
ttaylor@tevtlaw.com
vperez@tevtlaw.com
TIMOTHY D. CORWIN
Florida Bar No. 68532
tcorwin@tevtlaw.com
FELIX RENE OJEDA
Florida Bar No.: 127599
fojeda@tevtlaw.com